J-S52023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NYRAN DALE THOMPSON | |
| Appellant | No. 3829 EDA 2015 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0002899-2011

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 22, 2016**

Appellant, Nyran Dale Thompson, appeals from the December 7, 2015 order entered in the Court of Common Pleas of Monroe County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  In addition, counsel has filed a **_Turner-Finley_** "no-merit" letter[1] and a petition seeking to withdraw.  Upon review, we grant counsel's petition and affirm the order of the PCRA court.

The PCRA court summarized the relevant background as follows:

> On May 6, 2014, while represented by the Monroe County Public Defender's Office, [Appellant] pled guilty to [p]ossession of a [c]ontrolled [s]ubstance with [i]ntent to [d]eliver (PWID).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

[Appellant] was immediately sentenced to incarceration of 11½ to 23 months concurrent to a separate sentence he was serving in New York. [Appellant] was given credit for time served and immediately released on parole. However, he was returned to New York to finish serving his sentence there.

Subsequently, [Appellant] filed a direct appeal from the judgment of sentence. The appeal was later discontinued.

[Appellant] is not a United States citizen but has been a permanent resident since 1981. He is currently being held in New York for deportation proceedings which resulted from his conviction in this [c]ourt.

On July 9, 2015, while being held in New York, [Appellant] filed a pro-se PCRA petition alleging that his public defender (Plea [c]ounsel) was ineffective. On July 13, 2015, new counsel (PCRA [c]ounsel) was appointed and a PCRA hearing was scheduled. On August 17, 2015, PCRA [c]ounsel filed an amended PCRA petition alleging that [p]lea [c]ounsel was ineffective in failing to properly advise [Appellant] of the risk of deportation before he pled guilty.

A PCRA hearing was held on December 7, 2015. At the conclusion of the hearing, [the PCRA court] denied the [] petition. [Appellant] then filed this appeal.

PCRA Court Opinion, 2/16/16, at 1-2.

Before we consider whether the PCRA court erred in denying Appellant's PCRA petition and the requested relief, we must address whether PCRA counsel has met the requirements of **Turner**/**Finley**. For PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

(1)  PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2)  PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants

- 2 -

> the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3) This Court must independently review the record and agree that the appeal is meritless.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *abrogated by* *Pitts*).

We find that PCRA counsel has complied with *Turner*/*Finley*. PCRA counsel has petitioned for leave to withdraw and filed a *Turner*/*Finley* no-merit letter. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

We now turn to this appeal to determine whether it is indeed meritless. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

- 3 -

All claims raised here challenge the effectiveness of counsel ("IAC claims"). More specifically, in his *pro se* reply to PCRA counsel's petition to withdraw, which Appellant filed after the filing of the instant appeal, Appellant argued that PCRA counsel should have raised the following claims: (i) plea counsel was ineffective for failing to raise a Rule 600 claim, (ii) plea counsel coerced Appellant into taking a guilty plea, and (iii) plea counsel was ineffective for failing to file a brief with this Court in connection with his direct appeal. In the ***Turner/Finley*** brief filed by his PCRA counsel, Appellant argues plea counsel was ineffective for failing to advise him about the immigration consequences resulting from his plea.

Appellant's IAC claims raised in his *pro se* reply are waived because they were raised on appeal for the first time. *See Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal); *Ford*, 44 A.3d at 1200-01 (claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter).[2]

_____

[2] In the alternative, should Appellant's allegations be construed as merely challenging plea counsel's omissions, not PCRA counsel's failure to challenge plea counsel's omissions, the *pro se* IAC claims raised would be nonetheless waived because Appellant failed to include said claims in the amended PCRA petition and his Rule 1925(b) statement. *See Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

Accordingly, we will address only the issue raised by PCRA counsel in her ***Turner*/*Finley*** brief. Appellant argues plea counsel was ineffective for failing to inform him of immigration consequences following the entry of a guilty plea. As also noted by the PCRA court, a review of the record belies Appellant's claim. **See** PCRA Court Opinion, 2/16/16, at 3-5.[3] Indeed, Appellant was aware of the consequences resulting from the guilty plea. **Id.** at 3-4 (quoting N.T. Guilty Plea/Sentencing, 5/6/14, at 5-6). Thus, upon review of the record, the parties' briefs, and the relevant law, we conclude the PCRA court adequately disposed of this claim. Accordingly, we affirm the order of the PCRA court. We direct that a copy of the PCRA court's February 16, 2016 opinion be filed along with this Memorandum.

Order affirmed. Petition to withdraw granted.

_____

[3] In its written opinion, the PCRA court, after reviewing the record, concluded:

> [T]he record is crystal clear that [Appellant] was informed by Plea Counsel, as well as the [trial court] and the language of the plea form, that pleading guilty to PWID carried a significant risk of deportation. Simply there is no doubt that [Appellant] was made aware of the potential collateral consequences of deportation, and therefore Plea Counsel was not ineffective.

PCRA Court Opinion, 2/16/16, at 4-5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :

                                  :     **NO. 2899 CR 2011**

                v.                  :

                                  :     **APPEAL DOCKET NO.**

**Nyran Dale Thompson,**             :     **3829 EDA 2015**

                                  :

        **Defendant**              :

                                  :

### <u>OPINION PURSUANT TO Pa.R.A.P. 1925(a)</u>

Defendant, Nyran Thompson ("Defendant"), has filed an appeal from the order dated December 7, 2015, that denied his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. Section 9541 et. seq. An order was issued directing Defendant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Defendant complied. We now file this opinion in accordance with Pa.R.A.P. 1925(a).

### Background

On May 6, 2014, while represented by the Monroe County Public Defender's Office, Defendant pled guilty to Possession of a Controlled Substance with Intent to Deliver (PWID). Defendant was immediately sentenced to incarceration of 11 ½ to 23 months concurrent to a separate sentence he was serving in New York. Defendant was given credit for time served and immediately released on parole. However, he was returned to New York to finish serving his sentence there.

Subsequently, Defendant filed a direct appeal from the judgment of sentence. The appeal was later discontinued.



1

9

Defendant is not a United States citizen but has been a permanent resident since 1981. He is currently being held in New York for deportation proceedings which resulted from his conviction in this Court.

On July 9, 2015, while being held in New York, Defendant filed a pro-se PCRA petition alleging that his public defender (Plea Counsel) was ineffective. On July 13, 2015, new counsel (PCRA Counsel) was appointed and a PCRA hearing was scheduled. On August 17, 2015, PCRA Counsel filed an amended PCRA petition alleging that Plea Counsel was ineffective in failing to properly advise Defendant of the risk of deportation before he pled guilty.

A PCRA hearing was held on December 7, 2015. At the conclusion of the hearing, we denied the PCRA petition. Defendant then filed this appeal.

## Discussion

Defendant raises a single issue on appeal. Specifically, he contends that we erred in denying his PCRA petition as his counsel was ineffective for failing to fully discuss the consequences of his plea and for refusing to allow him to speak with an immigration attorney. This assertion is woven out of whole cloth.

In order to demonstrate ineffective assistance of counsel, a petitioner must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Barndt,* 74 A.3d 185, 192 (Pa. Super. 2013) (citing *Commonwealth v. Reed,* 971 A.2d 1216, 1221 (Pa. 2005)). When applying an ineffective assistance of

2

counsel claim to the entry of a guilty plea, the defendant must show that attorney ineffectiveness caused him to enter an involuntary or unknowing plea and, if the plea was based on his attorney's advice, whether such advice was within the range of competence required of criminal attorneys. *Commonwealth v. Wah,* 42 A.3d 335, 338-39 (Pa. Super. 2012). The defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. The reasonable probability test requires a defendant to show a "probability sufficient to undermine confidence in the outcome." *Barndt,* 74 A.3d at 192 (citing *Commonwealth v. Rathfon,* 899 A.2d 365, 369-70 (Pa. Super. 2006)).

The United States Supreme Court has held that, in cases where, as here, a defendant is a noncitizen, counsel must inform the defendant whether a plea carries a risk of deportation, and counsel's failure to do so presents a cognizable ineffective assistance of counsel claim. *Padilla v. Kentucky,* 559 U.S. 356, 374 (2010). *See also Commonwealth v. Ghisoiu,* 63 A.3d 1272 (Pa. Super. 2013); *Commonwealth v. Wah, supra.* Our Superior Court has interpreted *Padilla* as requiring "counsel to inform a noncitizen defendant that there is a risk of deportation, not that deportation is a certainty." *Commonwealth v. Escobar,* 70 A.3d 838, 841 (Pa. Super. 2013). *See also Commonwealth v. McDermitt,* 66 A.3d 810 (Pa. Super. 2013). *See Ghisoiu, supra; Wah, supra.*

In this case, Defendant was clearly made aware from several sources of the potential that his guilty plea carried with it a substantial risk of deportation. Initially, Defendant's plea was entered pursuant to a written plea form, signed by Defendant, Plea Counsel, and the assistant district attorney, that was accepted after an extensive

3

oral colloquy was administered. Paragraph 10 of the plea form specifically advised Defendant that "Immigrants, including those who, while not U.S. citizens hold permanent resident status may undergo deportation or be refused reentry into the United States." (Written Guilty Plea Colloquy, dated May 6 and entered May 7, 2014). Immediately above Defendant's signature, the form states, in capital letters, "I SWEAR & AFFIRM THAT I HAVE READ THIS DOCUMENT IN ITS ENTIRETY, OR HAD IT EXPLAINED TO ME, UNDERSTAND IT COMPLETELY, AND BELIEVE THIS PLEA IS IN MY BEST INTEREST." (*Id.*). In addition, during our oral colloquy we advised Defendant of, among other things, his absolute right to a trial, asked him whether he had any questions for his attorney, and discussed the general consequences of pleading guilty. (N.T., 5/6/14, pp. 3-5). We then specifically discussed the potential collateral consequence of deportation with Defendant and he indicated his continuing desire to plead guilty. (N.T., 5/6/14, pp. 5-6). Further, during the PCRA hearing Plea Counsel credibly testified that he told Defendant that the plea would likely result in his deportation. (N.T., 12/7/15, p. 21). Plea counsel further testified that he did not specifically recommend Defendant speak with an immigration attorney because he knew the charge Defendant intended to plead to was a deportable offense. (N.T., 12/7/15, p. 22).

Since Defendant is currently facing deportation proceedings, he may regret his decision to plead guilty. However, the record is crystal clear that Defendant was informed by Plea Counsel, as well as the Court and the language of the plea form, that pleading guilty to PWID carried with it a significant risk of deportation. Simply there is no

4

doubt that Defendant was made aware of the potential collateral consequence of deportation, and therefore, Plea Counsel was not ineffective.

For these reasons, we believe that our order denying Defendant's amended PCRA petition should be affirmed.

**BY THE COURT:**

Date: February 16, 2015

JONATHAN MARK,                              J.

Cc:     Superior Court of Pennsylvania
        Jonathan Mark, J.
        District Attorney (JF)
        Hillary Madden, Esq.

2015 FEB 16 PM 2 25
MONROE COUNTY, PA
CLERK OF COURTS